FEE PAID

STEPHEN VANN HEFLIN
18653 Ventura Blvd., Ste. 561
Tarzana, CA 91356
Phone: 818 407-9761
Svh681@gmail.com

STEPHEN VANN HEFLIN, Pro Se Plaintiff



FILED
CLERK, U.S. DISTRICT COURT
FEB 18 2020
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

**LACV20-01569-FMO-AFMx**

| | |
|---|---|
| STEPHEN VANN HEFLIN, an individual<br><br>Plaintiff,<br><br>v.<br><br>REGIS CAPITAL GROUP, a Florida Corporation;<br>JORDAN OLIEL, an individual;<br>REGENT and ASSOCIATES, a Texas Law Corporation<br>ANH REGENT, an individual<br><br>DOES 1-10<br><br>Defendants. | Case No.<br><br>**CIVIL COMPLAINT**<br><br>**RACKETEER INFLUENCED CORRUPT ORGANIZATIONS (RICO)**<br>**42 U.S.C. § 1961-1968**<br>**42 U.S.C. § 1964**<br>**42 U.S.C. § 1962**<br><br>**[DEMAND FOR JURY TRIAL]** |

- 1 -

CIVIL COMPLAINT-RICO

## JURISDICTION AND VENUE

1. This is an action for relief and damages pursuant to 42 U.S.C. § 1962 and 42 U.S.C. § 1964 based upon the continuing violations of Plaintiff's rights as a citizen by individuals engaged in RICO activities as outlined in the allegations contain herein. Jurisdiction exists pursuant to § 1962 and § 1964 RICO (RACKETEER INFLUENCED CORRUPT ORGANIZATIONS) Act and questions of Federal Constitutional law pertaining to the Interstate Commerce clause. Supplemental Jurisdiction is available pursuant to 28 USC § 1367.

## PARTIES

2. At all times material to this Complaint, STEPHEN VANN HEFLIN ("Plaintiff") was and is a resident of the State of California, residing in Los Angeles County.

3. At all times material to this Complaint, the REGIS CAPITAL GROUP has not registered to conduct business in the State of California and is registered to conduct business in the State of Florida, County of Miami-Dade.

4. At all times material to this Complaint, the Principal for the REGIS CAPITAL GROUP, Defendant JORDAN OLIEL was a resident of Miami-Dade County, State of Florida.

5. At all times material to this Complaint, the attorney of record for the law firm REGENT and ASSOCIATES, Anh Regent Esq. is a resident and is licensed to

practice law in Harris County, State of Texas and is not licensed to practice law in the State of California where the Plaintiff STEPHEN VANN HEFLIN resides and conducts business. <u>Plaintiff STEPHEN VANN HEFLIN has never been to Harris County Texas in his life, having no reason to travel there or no business or businesses anywhere other than the State of California, County of Los Angeles where he has resided since birth.</u>

## ALLEGATIONS

6. Plaintiff realleges and incorporates by this reference the allegations set forth in the preceding paragraphs as though fully set forth in the preceding paragraphs 1 through 5.

7. Defendants wore a common scheme or plan, and agents of each other who are jointly and severally liable by and through their pattern of Racketeering Influenced Corrupt Organizations (RICO) activities and a pattern of conduct and practice of unlawfully forging signatures on documents submitted into Harris County Court in the State of Texas and also committing perjury and fraud upon the State Courts of Texas. The Defendants intentionally and knowingly created a scheme that also involved the recording of UCC liens as part of their unlawful activities resulting in collections of unlawful debt and attempts at collecting unlawful debt perpetrated against hundreds if not thousands of individuals and businesses located in various jurisdictions across the

- 3 -

CIVIL COMPLAINT-RICO

United States. The Defendants fraudulently engaged in recording UCC liens based on fraudulently obtained judgments in Harris County even though Harris County had no lawful jurisdiction to issue such judgements. Harris County and the State of Texas issued these judgements induced by the affidavit(s) submitted under penalty of perjury into the courts by Attorney Anh Regent (Texas Bar # 24004882) based upon false certifications on affidavits and forged signatures on alleged business contracts falsely and fraudulently claimed to have been consummated in Harris County, Texas and submitted to the Harris County, Texas Courts for purposes of obtaining judgments and creating unlawful debt.

8. Defendants JORDAN OLIEL and REGIS CAPITAL GROUP knowingly engaged in unlawful interstate commerce. Because REGIS CAPITAL GROUP and JORDAN OLIEL conduct business in a seemingly lawful manner by creating unlawful debt or attempting to create unlawful debt in state jurisdictions where they knowingly and willingly devised a plan that enlisted REGENT and ASSOCIATES in Harris County Texas to forge individuals signatures on documents that falsely claim that business contracts were consummated in Harris County, Texas and that Anh Regent Esq., (the attorney of record for REGENT and ASSOCIATES) knew or should have known they were submitting or causing to be submitted perjuriously executed affidavits to Harris County Court. These forged instruments and documents attested to an individuals' agreement to a judgment when no such agreement was actually

- 4 -

CIVIL COMPLAINT-RICO

consummated and Defendants forged a signature of STEPHEN VANN HEFLIN which was submitted under penalty of perjury by an attorney who is a member of the Texas State Bar. The Defendants engaged in a pattern and practice that affected many other persons in the United States but in more two separate incidents against the Plaintiff STEPHEN VANN HEFLIN, an individual resulting in catastrophic financial damages to him personally by the Racketeer Influenced Corrupt Organizations headed by Defendant JORDAN OLIEL of REGIS CAPITAL GROUP and ANH REGENT of REGENT and ASSOCIATES.

9. The Defendants REGIS CAPITAL, JORDAN OLIEL, REGENT and ASSOCIATES and AHN REGENT then engaged in unlawful activities that include the intentional misuse of the Uniform Commercial Code and judgments obtained by fraudulent filings to implement a scheme to create unlawful debt violating state law requirements in multiple states in the United States and territories subject to its laws and jurisdiction.

10. Because of the conduct and pattern and practices of the Defendants, the Plaintiff STEPHEN VANN HEFLIN has suffered major financial losses and damages that would not have occurred if not for the Racketeer Influenced Corrupt Organization(s) conduct, pattern and practice engaged by the Defendants.

CIVIL COMPLAINT-RICO

# FIRST CAUSE OF ACTION
## Violations of the Racketeer Influenced Corrupt Organizations (RICO) Act of 1970
## 42 USC § 1961-1968
## Civil Damages under 42 USC § 1962
### (Against All Defendants)

11. Plaintiff realleges and incorporates by this reference the allegations set forth in the preceding paragraphs as though fully set forth in this Cause of Action.

12. The Defendants used the Texas Courts and the Uniform Commercial Code to collect and to attempt unlawful debt in violation of the RICO Act of 1970 in the State of California, County of Los Angeles in eight separate incidents constituting a pattern of conduct and practices of the collection of unlawful and/or fraudulent debt in conjunction with the willful misuse of the Uniform Commercial Code to unlawfully record UCC Financing Statements with the Secretaries of State of multiple jurisdictions within the United States.

13. The Defendants conduct was intended to collect unlawful debt against the Plaintiff STEPHEN VANN HEFLIN no less than 8 (eight) separate acts that constitute "predicate acts" under the meaning of the RICO Act in a pattern of conduct that was based upon or couched or enveloped the otherwise lawful enterprises of debt collection in the State of Texas and real estate activities in the State of Florida.

14. To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to

plaintiffs business or property.18 U.S.C. §§ 1962(c), 1964(c). The "fifth element includes two related components. First, a civil RICO plaintiff must show that his injury was proximately caused by the [prohibited] conduct. Second, the plaintiff must show that he has suffered a concrete financial loss. *Fireman's Fund Ins. Co. v. Stites, 258 F.3d 1016, 1021 (9th Cir. 2001)*.

15. Plaintiff was injured and damaged by the direct and proximate actions of the Defendants and is entitled to damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### 42 USC § 1964
### (Against All Defendants)

16. Plaintiff realleges and incorporates by this reference the allegations set forth in the preceding paragraphs as though fully set forth in this Cause of Action.

17. A basic RICO civil claim under the Second Cause of Action must allege (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce and (8) the Plaintiff suffered injury or loss to their business as a result of the aforementioned activities.

18. *The Enterprise(s)*: REGIS CAPITAL GROUP and REGENT and ASSOCIATES are enterprises engaged in interstate or foreign commerce within the

CIVIL COMPLAINT-RICO

meaning of 18 U.S.C. S 1961(3) and as a Florida company and a Texas company, must register with the California Secretary of State to conduct lawful business within California. While REGIS CAPITAL GROUP in the State of Florida and REGENT and ASSOCIATES are legitimate businesses in the States of Florida and Texas respectively, separate and apart from the pattern of Complaint racketeering, Defendants, through their continuing pattern of racketeering activity set forth herein, infiltrated or started the companies, associated with them and managed them for their own illegal purposes to create unlawful debt in the State of Texas and then file these judgments as Uniform Commercial Code liens. They then use or attempt to use these judgments obtained by fraud in one jurisdiction to collect debt in another jurisdiction by converting the judgments in to negotiable instruments under the Uniform Commercial Code in multiple states and jurisdictions within the United States.

19. *Pattern of Racketeering Activity*. Defendants, each of whom are persons associated with, or employed by REGIS CAPITAL GROUP or REGENT and ASSOCIATES did knowingly, willfully and unlawfully conduct or participate, directly or indirectly, in its affairs through a pattern of racketeering activity with the meaning of 18 U.S.C. S 1961(1), 1961(5), and 1962(c). The racketeering activity was made possible by Defendants' regular and repeated use of both REGIS CAPITAL GROUP and REGENT and ASSOCIATES personnel, facilities and services. Defendants had the specific intent to engage in the substantive RICO violation alleged herein.

20. *Predicate acts of racketeering activity* are acts which are indictable under provisions of the U.S. Code enumerated in 18 U.S.C. 5 1961(1) (B), as more specifically alleged below. Defendants each committed at least two such acts or else aided and abetted such acts.

21. The acts of racketeering were not isolated, but rather the acts of Defendants were related in that they had the same or similar purpose and result, participants, victims and method of commission. Further, the acts of racketeering by Defendants have been continuous. There was repeated conduct during a period of time beginning in approximately 2015 and continuing to present, and there is a continued threat of repetition of such conduct.

22. Plaintiff specifically alleges that Defendants JORDAN OLIEL and ANH REGENT participated in the operation and management of REGIS CAPITAL GROUP and REGENT and ASSOCIATES by overseeing and coordinating the comission of multiple acts of racketeering as described below.

23. Plaintiff was injured and damaged by the direct and proximate actions of the Defendants and is entitled to damages in an amount to be proven at trial.

## FACTUAL ALLEGATIONS

24.     Plaintiff realleges and incorporates by this reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

25.     .On or about December 5, 2019 at 9:58 AM in Harris County, Texas Defendant REGENT and ASSOCIATES by their Attorney of record, Defendant ANH REGENT filed a *"Plaintiff's Original Petition"* as Cause No. 1146541 with Harris County Clerk Diane Trautman.  The Plaintiff of record in the Harris County, Texas civil action is REGIS CAPITAL GROUP and alleges that STEPHEN VANN HEFLIN had entered into a business contract in Harris County, Texas or resides in Harris County, Texas or is where the alleged events occurred.  **(EXHIBIT A)**

26.     . On or about December 11, 2019 at 9:23 AM Defendant REGENT and ASSOCIATES through their attorney of record, Defendant ANH REGENT filed or caused to be filed an *"Agreed Judgment"* in the Cause No. 1146541 with the Harris County, Texas Clerk of the Court Diane Trautman at the direction of and in conspiracy with Defendants REGIS CAPITAL GROUP and JORDAN OLIEL that allegedly bore the signature of STEPHEN VANN HEFLIN **(EXHIBIT B)**

27.     On or about January 6, 2020 and/or January 7. 2020 at 10:32 AM in Cause No. 1146541 Defendants REGENT and ASSOCIATES and AHN REGENT the attorney of record filed or caused to be filed a *"Application for Writ of Garnishment*

*After Judgment"* with Harris County Clerk of the Court Diane Trautman at the direction of and in conspiracy with Defendants REGIS CAPITAL GROUP and JORDAN OLIEL    **(EXHIBIT C)**

28.     On or about January 20, 2020 Defendants REGENT and ASSOCIATES and ANH REGENT served upon Plaintiff STEPHEN VANN HEFLIN's property a *"Writ of Garnishment after Judgment"* with an order issued by the Harris County Clerk under Cause No. 1146541 to Chase Bank, N.A. c/o CT Corporation Systems 1999 Bryan Street, Suite 900, Dallas Texas 75201 at the direction of and in conspiracy with Defendants REGIS CAPITAL GROUP and JORDAN OLIEL **(EXHIBIT D)**

29.     On or about January 25, 2020 Chase Bank N.A., PO Box 13164, Columbus, OH 43218-3164 sent to Plaintiff STEPHEN VANN HEFLIN a letter notifying him of a hold in the amount of $64,875 on account *1393 (***EXHIBIT E)**

30.     On Wednesday February 12, 2020 Defendant 11:56 AM JORDAN OLIEL of REGIS CAPITAL GROUP contacted Plaintiff STEPHEN VANN HEFLIN by telephone and attempted to collect the alleged debt created in Harris County, Texas in Cause 1146541

31.     On Thursday February 13, 2020 at 10:56 AM, Defendant REGENT and ASSOCIATES through their agent-employee Chris Savoy, contacted Plaintiff STEPHEN VANN HEFLIN at 10:56 AM by telephone and attempted to collect the alleged debt created in Harris County, Texas in Cause 1146541

CIVIL COMPLAINT-RICO

32. On Friday February 14, 2020 at 2:12 PM Defendant JORDAN OLIEL of Defendant REGIS CAPITAL GROUP contacted the Plaintiff STEPHEN VANN HEFLIN by telephone and attempted to collect an alleged debt in Cause No. 1146541, Harris County, Texas.

33. As a direct and proximate consequence of the acts of the agents and employees of the Defendants, Plaintiff has suffered and will continue to suffer damages through injury to his person and property, his reputation, character, good will and for relief from the RICO activities and conduct by the Defendants complained of herein.

**WHEREFORE, Plaintiff prays as follows:**

(1) For a judgment prohibiting the Defendants from engaging in the policies, practices and conduct complained of herein.

(2) For treble damages in an amount of $194,625.00 USD.

(3) For costs of suit and attorney fees as provided by law; and

(4) For such other relief as the Court deems proper and just.

Date: February 18, 2020        Respectfully submitted,

                               PRO SE PLAINTIFF


                               By: _____
                               Stephen Vann Heflin,
                               Pro Se Plaintiff

# DECLARATION OF STEPHEN VANN HEFLIN

1. I am a U.S. Citizen and I reside in Los Angeles County, California. I am over the age of 18 and can testify competently to the facts contained in this complaint

2. I was born in Los Angeles County and have resided in said county for my entire life.

3. I have never been in the State of Texas.

4. I have never conducted business in Harris County or anywhere in Texas

5. I have never resided in Texas

6. On or about January 25, 2020 Chase Bank N.A., PO Box 13164, Columbus, OH 43218-3164 I received a letter notifying me of a hold in the amount of $64,875 on account 1393

7. On Wednesday February 12, 2020 Defendant 11:56 AM I was contacted by telephone by Jordan Oliel of Regis Capital Group who demanded payment for a debt that he claimed was based on a business in Texas.

8. On Thursday February 13, 2020 at 10:56 AM, Defendant REGENT and ASSOCIATES through their agent-employee Chris Savoy, contacted me at 10:56 AM by telephone and attempted to collect the alleged debt created in Harris County, Texas in Cause 1146541

9. On Friday February 14, 2020 at 2:12 PM Defendant Jordan Oliel of Regis Capital Group contacted me and attempted to collect an alleged debt in Cause No. 1146541, Harris County, Texas.

10. Because of the holds on my bank account I have experienced financial damages that would not have occurred otherwise.

Date: February 17, 2020                          Under Penalty of Perjury



By: _____
Stephen Vann Heflin,

- 2 -

DECLARATION OF STEPHEN VANN HEFLIN