# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-1569 FMO (AFMx) | Date | **March 6, 2020** |
|---|---|---|---|
| Title | **Stephen Vann Heflin v. Regis Capital Group, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue**

On February 18, 2020, plaintiff Stephen Vann Heflin ("plaintiff") filed a Complaint against defendants Regis Capital Group, Jordan Oliel, Regent and Associates, and Anh Regent (collectively, "defendants") alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961, et seq. (See Dkt. 1, Complaint at ¶¶ 11-23). Specifically, plaintiff claims defendants fraudulently obtained a judgment against plaintiff from a Texas state court, and sought to enforce that allegedly fraudulent judgment by seeking to collect debts plaintiff purportedly owed defendants. (See id. at ¶¶ 11-33). Plaintiff suggests that this court has subject matter jurisdiction because he brings claims under federal law. (See id. at ¶ 1). Plaintiff makes no allegations regarding venue. (See, generally, Dkt. 1, Complaint).

Plaintiff makes no express statement explaining why the court has personal jurisdiction over defendants, and the court questions whether personal jurisdiction exists in this case. A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 126-27, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-1569 FMO (AFMx)** | Date | **March 6, 2020** |
| Title | **Stephen Vann Heflin v. Regis Capital Group, et al.** | | |

Plaintiff mentions only contacts between defendants and the state of California only once: he claims that defendants "collect[ed] and attempt[ed] unlawful debt in violation of the RICO Act of 1970 in the State of California, County of Los Angeles in eight separate incidents[.]" (See Dkt. 1, Complaint at ¶ 12). Plaintiff does not clearly allege whether any of the events giving rise to this litigation occurred in this district. (See, generally, id.).

Based on the foregoing, IT IS ORDERED that no later than **March 20, 2020** plaintiff shall file a First Amended Complaint addressing the deficiencies noted above. The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**. See Fed. R. Civ. P. 41; Baeza v. Baca, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388 (1962) ("expressly recogniz[ing]" the "inherent power" of a "court to dismiss sua sponte for lack of prosecution[.]").

| | | | |
|---|---|---|---|
| | | 00 | : | 00 |
| | Initials of Preparer | | vdr | |